UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WEISSER,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF FOWLER,<br><br>    Defendant. | No. 1:18-cv-01746-LJO-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DEPOSITION**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION 21–24**<br><br>**(Docs. 14, 15)** |

## I.     INTRODUCTION

On October 21, 2019, Plaintiff filed a motion to compel the deposition of Mark Rodriguez, a city councilmember for the City of Fowler, and a motion to compel further responses to requests for admission ("RFAs") 21–24. (Docs. 14, 15.) The parties filed a Joint Statement re Discovery Disagreement, pursuant to Local Rule 251, on November 6, 2019. (Doc. 16); *see* E.D. Cal. L.R. 251(c).

Upon review of the motions and the parties' Joint Statement re Discovery Disagreement, the Court deemed the matters suitable for decision without oral argument, and vacated the hearing set for November 13, 2019. *See* E.D. Cal. L.R. 251(c).

For the reasons that follow, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion to compel Mark Rodriguez's deposition, and DENIES Plaintiff's motion to compel further responses to RFAs 21–24.

## II. PROCEDURAL BACKGROUND

On December 21, 2018, Plaintiff filed the operative first amended complaint ("FAC") in Fresno County Superior Court against Defendants City of Fowler and Does 1–10, alleging retaliation for exercise of a constitutional right under 42 U.S.C. § 1983, and state law claims for discrimination based on age and retaliation for disclosing information to law enforcement. (*See* Doc. 1-1 at 30–38.) As alleged in the FAC, Plaintiff served as Defendant's Public Works Director for more than eleven years, until Defendant terminated Plaintiff on or about January 23, 2018. (*See id.* at 31, 33.) The FAC alleges that throughout his employment with Defendant, Plaintiff was "exposed to numerous stories and . . . instances of questionable practices" of former City Manager David Elias, who was later prosecuted in Fresno County for misappropriation of public funds. (*See id.* at 31.)

As part of the investigation into Mr. Elias, Plaintiff met with an investigator from the Fresno County District Attorney's Office. (*Id.* at 32.) City Clerk Jeannie Davis was "irritated" with Plaintiff for speaking with the investigator, and subsequently "began treating him differently" by "putting additional pressure on [Plaintiff] to complete projects[.]" (*Id.*) Ms. Davis replaced Mr. Elias as City Manager in or around November 2017. (*Id.*) Plaintiff was concerned about Ms. Davis becoming City Manager and expressed his concerns to the Mayor. (*Id.*) Shortly thereafter, Ms. Davis notified Plaintiff he would be placed on administrative leave, and on January 23, 2018, the City Council "took action to dismiss" Plaintiff. (*Id.* at 33.) Plaintiff alleges Defendant terminated him in retaliation for his cooperation with the investigation into the former City Manager, and seeks compensatory, consequential, and general damages as well as costs and attorney's fees. (*Id.* at 37.)

Defendant removed the case to this court on December 28, 2018. (Doc. 1.) The Court entered a scheduling order on March 20, 2019, setting the non-expert discovery deadline for February 3, 2020, the non-dispositive and dispositive motions deadlines for April 10, 2020, and a

trial date of November 3, 2020. (Doc. 11.)

### III. DISCUSSION

**A. The Motion to Compel the Deposition of Mark Rodriguez is Denied Without Prejudice**

Plaintiff originally noticed the deposition of city councilmember Mark Rodriguez for May 24, 2019. (Doc. 16 at 9.) Defendant's counsel notified Plaintiff's counsel of Mr. Rodriguez's unavailability for that date,[1] so Plaintiff re-noticed the deposition for July 11, 2019. (*Id.*) Defendant's counsel advised Plaintiff's counsel that Mr. Rodriguez was unavailable on July 11th, and the parties attempted to schedule Mr. Rodriguez's deposition for dates in September and October 2019. (*Id.* at 10, 34.) Ultimately, the parties were unable to set the deposition for September or October, so Defendant's counsel proposed any day during the week of November 4, 2019, or November 15, 2019 for the deposition, but Plaintiff's counsel had a conflict on those days, so the parties agreed to hold Mr. Rodriguez's deposition in early December. (*Id.* at 14, 34.) Plaintiff now requests that the Court "compel" Mr. Rodriguez's deposition. (*See* Doc. 14.)

**1. Legal Standard**

The "district court has wide discretion in controlling discovery," *Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) (quoting *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011)), including determining whether to compel depositions and to establish the time and place of depositions. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Rule 30 of the Federal Rules of Civil Procedure states that "[a] party may, by oral questions, depose any person, including a party, without leave of court[.]" Fed. R. Civ. P. 30(a)(1). The party taking the deposition may compel the deponent's attendance by issuing a Rule 45 subpoena, whether the deponent is a party, a party's officer, or a nonparty. *See id.*; Fed. R. Civ. P. 45(c)(1)(B), (d)(2).

---

[1] Defendant states that Defendant's counsel "has agreed to coordinate [Mr. Rodriguez's] deposition and represent him" because Mr. Rodriguez is a current city councilmember. (Doc. 16 at 34.)

3

Under Rule 37, a party propounding discovery or taking a deposition may seek an order compelling discovery or attendance at a deposition if a deponent fails to attend a properly noticed deposition or refuses to answer questions. Fed. R. Civ. P. 37(a)(3)(B)(i). Additionally, if a party fails to attend his own deposition after being served with proper notice, the Court may impose sanctions against that party. Fed. R. Civ. P. 37(d)(1).

### 2. Analysis

The Court will not compel the deposition of Mark Rodriguez at this time, as it appears the parties have agreed that Mr. Rodriguez's deposition will take place on either December 5, 2019, or December 11, 2019. (*See* Doc. 16 at 34.) Defendant's counsel has not refused to produce Mr. Rodriguez for deposition,[2] Mr. Rodriguez has not refused to appear, and Mr. Rodriguez has not failed to appear for a properly noticed deposition without the parties agreeing to postpone it. (*See id.* at 34–35); *Moore v. Heisey*, No. 1:08-cv-00860-SMS PC, 2010 WL 367806, at *2 (E.D. Cal. Jan. 27, 2010) (stating that "[a] party may not simply fail to appear for a properly noticed deposition" but may notify opposing counsel of an "inability to appear, or . . . file a motion with the Court seeking a protective order."). Thus, at this time, there is nothing for the Court to "compel." *See, e.g., Porter v. Dauthier*, No. 14-41-SDD-RLB, 2014 WL 3407088, at *1 (M.D. La. July 10, 2014) ("Because the plaintiff has not indicated that he intends to refuse to appear and has not otherwise sought to quash any scheduled discovery, the Court finds that there is nothing to compel at this time.").

Plaintiff's request to compel the deposition of Mr. Rodriguez will be denied without

---

[2] Plaintiff contends that Defendant's counsel had, at one point, refused to produce Mr. Rodriguez for deposition before Plaintiff's deposition occurred. (*See* Doc. 16 at 32.) However, Defendant has now agreed to produce Mr. Rodriguez on December 5, 2019, if Plaintiff is agreeable to that date, and conduct the continued deposition of Plaintiff on December 6, 2019. (*See id.* at 34.) The Court also notes that while Plaintiff contends he has "attempted to schedule the deposition of Mark Rodriguez since April 2019," there was also a delay in scheduling Plaintiff's deposition. (*See id.* at 32.) Specifically, Defendant first noticed Plaintiff's deposition on April 12, 2019, but the deposition did not occur until October 4, 2019. (*Id.* at 8, 18, 34.)

4

prejudice to Plaintiff renewing the request if Mr. Rodriguez fails to appear for a properly noticed deposition or in response to a Rule 45 subpoena, as appropriate.

**B.     The Motion to Compel Better Responses to RFAs 21–24 is Denied**

Plaintiff served his second set of RFAs on Defendant on June 6, 2019.  (*Id.* at 22.) Defendant responded with objections only on July 11, 2019.  (*See id.*)  The four RFAs at issue are as follows:

> REQUEST FOR ADMISSON NO. 21:
> Please admit that the CITY settled a wrongful termination case *Thomason v. City of Fowler*, case number 1:13-CV-0336 AWI-BAM, $500,000.
>
> REQUEST FOR ADMISSION NO. 22:
> Please admit that the CITY never reported to the public the fact it settled the case *Thomason v. City of Fowler*, case number 1:13-CV-0336 AWI-BAM, for $500,000.
>
> REQUEST FOR ADMISSON NO. 23:
> Please admit that the CITY did not consent to the settlement of the case, *Thomason v. City of Fowler*, case number 1:13-CV-0336 AWI-BAM, for $500,000.
>
> REQUEST FOR ADMISSION NO. 24:
> Please admit that the approval of the settlement of the case, *Thomason v. City of Fowler*, case number 1:13-CV-0336 AWI-BAM, filed by Derek Thomason for $500,000 was at the discretion of the CITY's insurer, ERMA.

(*Id.* at 22–24.)  Defendant objected to all four RFAs on the grounds of relevance and harassment. (*Id.*)  Defendant also objected to RFA 22 on the basis that it requests information protected by the attorney-client privilege and/or the work product doctrine.  (*Id.* at 23.)  Defendant objected to RFAs 23 and 24 on the same grounds asserted in response to RFAs 21 and 22, and included the additional objection that the information requested was covered by the deliberative process privilege.  (*Id.* at 23–24.)  Plaintiff requests that the Court overrule Defendant's objections and compel further responses to the RFAs.  (*See* Doc. 15.)

**1.     Legal Standard**

"In general, the party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)."  *Morgan Hill Concerned Parents*

*Assoc. v. Cal. Dep't of Educ.*, No. 2:11-cv-3471 KJM AC, 2017 WL 445722, at *4 (E.D. Cal. Feb. 2, 2017) (citations omitted). "After the moving party makes the requisite showing of relevance, the party opposing the discovery has the burden of showing that it should be prohibited, as well as the burden of clarifying, explaining, and supporting its objections." *Best Buy Stores, L.P. v. Manteca Lifestyle Ctr., LLC*, No. 2:10-cv-0389-WBS-KJN, 2011 WL 2433655, at *4 (E.D. Cal. June 14, 2011) (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)). "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (alteration in original) (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

Under Rule 36, a party may serve on another party a request to admit, for purposes of the litigation, "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). The responding party may assert objections to the requests and must state the grounds for the objections. Fed. R. Civ. P. 36(a)(5). The requesting party may file a motion to "determine the sufficiency of an answer or objection" to a request to admit, and "[u]nless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6). "Rule 37 . . . applies to an award of expenses" under Rule 36. *See id.*; Fed. R. Civ. P. 37(a)(5).

**2.     Analysis**

The Court finds that Defendant's relevance objections to the four RFAs should be sustained and Plaintiff's request to compel further responses to the RFAs will be denied on that basis.[3]

---

[3] Because the Court finds Plaintiff's request should be denied based on Defendant's relevance objections, the Court does not address Defendant's remaining objections.

Plaintiff seeks information related to the settlement of a wrongful termination case filed by a former police officer against the City of Fowler in 2013 ("2013 case"). (*See* Doc. 16 at 25.) Plaintiff contends that information relating to the 2013 case is relevant because it "tends to make it more probable that the City has a pattern and practice of removing whistleblowers from its employ, and then covering up the wrongdoing by not reporting their actions to the public." (*Id.* at 25–26.) The plaintiff in the 2013 case testified at his deposition in this case that "his departure from the City was over seven years ago; he has no personal knowledge of any of the protected conduct alleged by Plaintiff or the City's alleged response to that conduct; Jeannie Davis did not retaliate against him, and [] that he only worked in the City's police department and his only supervisors were the various police chiefs who worked for the City from 2009 to 2012." (*Id.* at 28.)

As an initial matter, Plaintiff has failed to show the relevance of the 2013 case generally to the facts of this case. To the extent Plaintiff is seeking the requested information to demonstrate Defendant's intent in terminating him by showing that Defendant retaliated against other "whistleblowers," Plaintiff has not shown that the facts of the 2013 case are sufficiently comparable or similar to the facts of this case. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). *Cf. Kelleher v. Fred Meyer Stores Inc.*, 302 F.R.D. 596, 598–99 (E.D. Wash. 2014).

Specifically, Plaintiff in this case and the plaintiff in the 2013 case held different positions in different departments with the City of Fowler; had different supervisors; reported different alleged misconduct;[4] different City officials were involved in their respective terminations; and the terminations occurred approximately six years apart. (*See* Doc. 16 at 19–20, 28–29.) Because the facts of the two cases are so attenuated, the relevance of any facts regarding the 2013 case to this case is unclear. *See, e.g., Schrand v. Fed. Pac. Elec. Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (finding

---

[4] It appears that the plaintiff in the 2013 case reported alleged misconduct of the Police Chief, while Plaintiff in this case reported alleged misconduct of the City Manager. (*See* Doc. 16 at 20.)

that evidence regarding two other employees allegedly terminated because of their age was irrelevant to the plaintiff's age discrimination claim because different decisionmakers were involved in the plaintiff's and the other employees' terminations), *abrogated on other grounds by Hazen Paper Co. v. Biggins*, 507 U.S. 604, 615 (1993). Further, Plaintiff seeks information regarding the *settlement* of the 2013 case, as opposed to the facts of the case, which appears even less relevant. (*See* Doc. 16 at 22–24.) It is unclear why information related to the City of Fowler's settlement of a case filed by a police officer alleging wrongful termination is relevant to Plaintiff's claims for retaliation in this case.[5]

**C.    Reasonable Expenses**

    **1.    Legal Standard**

Under Rule 37, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "if the motion was substantially justified or other circumstances make an award of expenses unjust," the Court must not require payment of expenses. *Id.*

    **2.    Analysis**

Here, although both motions to compel will be denied, the Court finds that, under the circumstances, an award of expenses against Plaintiff would be inappropriate. *See* Fed. R. Civ. P. 37(a)(5)(B). Plaintiff had a good faith basis to contest Defendant's objections to the RFAs, and Plaintiff's request to compel the deposition of Mark Rodriguez will be denied *without prejudice* as set forth above.

---

[5] Plaintiff also states that it is "important to note" that the City of Fowler responded to a public records request regarding the settlement and provided minutes from a City Council meeting related to the 2013 case. (Doc. 16 at 25.) If anything, this only tends to show that Plaintiff can obtain the requested information by other means.

# IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel deposition, (Doc. 14), is DENIED WITHOUT PREJUDICE.

2. Plaintiff's motion to compel further responses to requests for admission, (Doc. 15), is DENIED.

IT IS SO ORDERED.

Dated: **November 25, 2019**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE